JOHN D. HIER v. LOUIS RULLMAN.

STATUTE CONSTRUED; *Invalid Tax Deed.* Under the provisions of chapter 196, Laws of 1872, a county treasurer has no power to proceed to give notice of the sale of property at public auction, for the taxes, penalties and costs due thereon, until such property has remained unredeemed for the term of five years, and where the tax deed shows the notice of sale to have been given prior to the expiration of said five years, and the tax sale to have immediately followed the expiration of said five years, *held,* that the tax deed is invalid.

*Error from Doniphan District Court.*

EJECTMENT for lot six, in block thirteen, in Wathena, Doniphan county, brought by *Rullman* against *Hier. Rullman* claimed title under a certain tax deed, of which the following is a copy:

*Know all men by these presents,* That whereas, the following described real property, situated in the county of Doniphan and state of Kansas, to wit, lot six (6), in block thirteen (13), in the town of Wathena, was offered for sale by the county treasurer of the county of Doniphan and state of Kansas, on the first Tuesday of May, 1869, for the taxes delinquent thereon for the year 1868, at his office in said county, after having given the notice required by law, and no person offering to bid for said lot, it could not be sold for the amount of tax and charges thereon, the county treasurer of said county bid off said lot for the county of Doniphan for the sum of fifty-two dollars and three cents, and the subsequent taxes assessed against said lot for the years 1871, 1872, 1873, amounting to the sum of one hundred and eighty-one $\frac{65}{100}$ dollars, being unpaid, were charged up to said sale; and whereas, five years having elapsed from the day of said sale, and no person having redeemed said lot from said sale, and no person having offered to purchase the same for the taxes, penalties and costs due thereon, the county treasurer of said county of Doniphan did, on the 9th day of May, 1874, at the front door of the court house of said county, offer said lot at public auction to the highest bidder for cash, after having given four weeks' notice of said sale and of said property to be sold, with a statement of the taxes, penalties and costs due on said lot, by advertisement

in the *Doniphan County Republican*, a newspaper printed and published in said county of Doniphan, and of general circulation therein; and Louis Rullman being the highest and best bidder for said lot, and having bid the sum of one hundred and one dollars therefor, the said county treasurer thereupon sold said lot for said taxes to said Louis Rullman for said sum of one hundred and one dollars; and whereas, the said Louis Rullman did then and there pay to the said county treasurer of said county the purchase-price of said lot, and the said county treasurer made said Rullman a certificate in writing of said sale; and whereas the said Louis Rullman has presented said certificate to me, the undersigned, for a deed: Now, therefore, I, Charles Rappelye, county clerk of said county of Doniphan, in consideration of the premises and the payment of the sum of one hundred and one dollars to the county treasurer of said county, and the power vested in me, do hereby grant, bargain, sell and convey to said Louis Rullman, his heirs and assigns forever, lot six (6), in block thirteen (13), in the town of Wathena, in the county and state aforesaid, to have and to hold the said real estate unto him, the said Louis Rullman, his heirs and assigns forever, subject however to all rights of redemption provided by law.

In witness whereof I, Charles Rappelye, county clerk of said county, by virtue of the authority in me vested, have hereunto set my hand and affixed my official seal, on this 31st day of August, 1877.

[SEAL.]          CHARLES RAPPELYE, *County Clerk.*

THE STATE OF KANSAS, COUNTY OF DONIPHAN, SS:

Be it remembered, that on this 3d day of September, A. D. 1877, before me, the undersigned, personally came Charles Rappelye, county clerk of said county, and personally known to me to be such county clerk, and to be the identical person and officer whose name is affixed thereto, and who executed the above conveyance as county clerk of said county, and duly acknowledged the execution of the same to be his voluntary act and deed as county clerk of said county, for the purposes therein expressed.

Witness my hand and official seal, at Troy, this 3d day of September, A. D. 1877.

[SEAL.]          ROBERT WILKINSON, *Probate Judge.*

Filed for record October 10, 1877, at 1 o'clock P. M.

The action was commenced October 15, 1877. Trial had

at December Term, 1877, of the district court. Judgment for plaintiff. New trial refused, and *Hier* brings the case here on error.

*Nathan Price,* for plaintiff in error.

*Albert Perry,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Upon the trial of this case, the plaintiff in the court below, defendant in error here, rested his title upon a certain tax deed which he introduced, and which was received by the court as evidence against the objection of the defendant, plaintiff in error. The court based its judgment on this tax deed, and the only question presented is as to its validity. The deed purported to have been issued under and in accordance with the provisions of an act entitled "An act to provide for the sale of lands for taxes due and unpaid thereon," approved February 27, 1872. It is apparent from the face of the deed that all the proceedings attempted to be had under said act of 1872, including the sale, were premature. The first section of said act provides, that "whenever any lands or town lots that may have been or shall hereafter be sold for any taxes due thereon, that have been or shall hereafter be bought in by any county for such taxes, shall be or shall hereafter be unredeemed for the term of five years from such sale, and no person shall offer to purchase the same for the taxes, penalties and costs due thereon, it shall be the duty of the treasurer of such county to sell such lands or lots at public auction to the highest bidder for cash, after having first given at least four weeks' notice of such sale and of the property to be sold, with a statement of the taxes, penalties and costs due on such lands or lots, up to the date of such sale, in some newspaper of general circulation in such county."

By these provisions, the property to be sold thereunder must have been unredeemed for the term of five years from the sale to the county, before the treasurer is authorized to take steps to sell it again; in other words, the notice of sale,

as well as the sale, must be subsequent to the term of five years after the property has been bought in by the county. The authority given the treasurer to proceed under the act, rests upon the precedent conditions, that the property has been unredeemed for five years, and that no person has offered to purchase the same for the taxes. He has no power to anticipate that the property will not be redeemed within the five years, and prior to the expiration of the five years commence making costs and expenses, by giving notice of a future sale. In order that a tax deed shall be valid under said act, there must be a substantial regularity in all the proceedings. The deed accepted in evidence showed that the premises therein described were bought in by Doniphan county, on the first Tuesday of May, 1869; that the second sale of the property was made on the 9th day of May, 1874; and that the notice of sale was given prior to the expiration of the five years the property must remain unredeemed, before proceedings could be taken under the act of 1872. The officers, in their eagerness to hasten the day of sale, did not defer all proceedings until the expiration of the term of five years, and therefore failed to comply with the law. The deed therefore was invalid, and ought not to have been accepted as the basis of title in Rullman.

It is very doubtful whether the deed was otherwise sufficient in form. It did not recite that the land was subject to taxation, or that any taxes were assessed thereon. But it is unnecessary to notice the matter further.

For the fatal defect appearing upon the face of the tax deed, the judgment of the district court must be reversed, and the cause remanded for a new trial.

All the Justices concurring.